IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| ROCKWELL COLLINS, INC., ROCKWELL COLLINS TECHNOLOGIES, LLC, f/k/a New Rockwell Collins Technologies, LLC, <br><br>             Plaintiffs, <br><br> vs. <br><br> AVCOM AVIONICS & INSTRUMENTS, INC., <br><br>             Defendant. | No. C04-0063 <br><br> **ORDER** |

This matter comes before the court pursuant to plaintiffs' (hereinafter "Collins") January 27, 2006 motion to compel defendant's response to request for production of documents (docket number 87). Defendant (hereinafter "Avcom") resisted Collins' motion on February 9, 2006 (docket number 90), to which Collins replied on February 14, 2006 (docket number 93). For the reasons set forth below, Collins' motion to compel is granted.

At issue in Collins' motion is Request for Production of Documents No. 30, which requests that Avcom produce:

> All documents concerning the performance by Avcom of any upgrades to TCAS units manufactured by suppliers other than Collins including, but not limited to, documents reflecting fees paid by Avcom for hardware and software licenses associated with such upgrades, license agreements, sales records, purchase order, invoices and service bulletins.

Specifically, Collins is seeking documents reflecting or relating to Avcom's purchase of parts from avionics manufacturer Honeywell that Avcom used to perform MOPS Change 7 upgrades. Collins argues these documents may demonstrate that Avcom willfully breached its obligation to pay Honeywell amounts owed for use of its MOPS Change 7 software, which evidence would be relevant to the issue of Avcom's willfulness in violating Collins' rights in its intellectual property. Collins further contends that such evidence would be admissible under <u>Fed. R. Evid.</u> 404(b) (other "bad acts" admissible to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident" and/or 406 (evidence of habit or routine practice of organization is "relevant to prove that the conduct . . of organization on a particular occasion was in conformity with the habit or routine practice").

Avcom objected to the request as "unduly burdensome, overbroad and seek[ing] production of irrelevant information and information that is not reasonably calculated to lead to the discovery of relevant evidence." Avcom resists Collins' motion to compel, arguing that the requested documents have no relationship to the issues remaining in this lawsuit. Avcom further states in its resistance that the requested documents may not even exist as Avcom does not maintain retrievable records of every part purchased from Honeywell, and many documents were destroyed by Hurricane Jeanne on September 24, 2004.

While not ruling on the ultimate admissibility of such evidence, the court finds that the documents are discoverable. Within 30 days of the date of this order, Avcom shall produce to Collins all documents in its possession reflecting or relating to Avcom's purchase of parts from Honeywell that Avcom used to perform MOPS Change 7 upgrades.

Upon the foregoing,

IT IS ORDERED that plaintiffs' motion to compel defendant's response to request for production (document number 87) is granted. Within 30 days of the date of this order, Avcom shall produce to Collins all documents in its possession reflecting or relating to Avcom's purchase of parts from Honeywell that Avcom used to perform MOPS Change 7 upgrades.

March 1, 2006.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT